

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DENNIS EDWARD FRASER   Pro-Se )
                             )
Plaintiff                    )
        v.                   )
                             )
LIVINGSTON COUNTY            )
MICHIGAN, Et al, LIVINGSTON  )
COUNTY SHERIFF ROBERT BEZOTTE, )
TARA BLACK and               )
SHANA ADKINS, jointly and    )
severally in their individual )
and official capacities      )
                             )
        Defendants.          )
_____ )

Case:2:09-cv-14906
Judge: Feikens, John
MJ: Whalen, R. Steven
Filed: 12-18-2009 At 12:02 PM
CMP DENNIS FRASER V LIVINGSTON COUN
TY ET AL (SS)

Jury Trial Demanded

## COMPLAINT

Comes now Plaintiff Dennis Edward Fraser (heretofore referred to as Plaintiff) and in his

complaint against Livingston County Michigan, Livingston County Sheriff Robert Bezotte, Tara

Black and Shana Adkins (heretofore referred to as defendants), and state to this Honorable Court

as follows:

## INTRODUCTION

1. This is an action for money damages, brought by Plaintiff Dennis Edward Fraser

   against the above stated Defendants, jointly and severally and in their individual

   and official capacities.

1

(b.) Unlawful arrest (violation of MCL 600.1821). Case law Riegler V. Weimer (1923) 192 N.W. 690, 222 Mich. 421

(c.) Abuse of process

(d.) Unlawful Garnishment (violation of MCL 600.411)

(e.) Defamation

(f.) Intentional infliction of emotional distress

(g.) False Imprisonment

(h.) Mental anguish

(i.) Loss of future income

## JURISDICTION

1. This Honorable Court has subject matter jurisdiction under 28 U.S.C. Section 1332. Plaintiff resides in a different state than the Defendants and damages to Plaintiff exceed $75,000.

2. Jurisdiction of this Honorable Court for the pendant claims is authorized under the Federal Rules of Civil Procedure, Rule 18.

## PARTIES

3. Plaintiff, Dennis Edward Fraser is a natural person residing at 21 Poppy Street, Homosassa, Florida 34446 in Citrus County in the State of Florida, United States of America and was a resident of same during all relevant times giving rise to this action.

4. Defendant, Livingston County Michigan is a Municipality of the State of Michigan, United States of America. Livingston County Michigan is at all times relevant to this action and is being sued in its official capacity.

2

4.  Defendant, Livingston County Michigan is a Municipality of the State of Michigan, United States of America. Livingston County Michigan is at all times relevant to this action and is being sued in its official capacity.

5.  Defendant, Livingston County Sheriff Robert Bezotte is the elected law enforcement officer for Livingston County Michigan and is being sued in his official capacity.

6.  Defendant, Tara Black is a natural person and an Attorney licensed to practice law in the State of Michigan and resides in the State of Michigan, United States of America. Tara Black is at all times relevant to this action and is being sued in her individual capacity.

7.  Defendant, Shana Adkins is a natural person residing at 5242 Queensway Howell, Michigan 48843, United States of America. Shana Adkins is at all times relevant to this action and is being sued in her individual capacity.

## FACTUAL AVERMENTS

8.  On July, 2 2005 Joyce V. Fraser died of natural causes while in a nursing home in Howell, Michigan. On November 2, 2005 Plaintiff, Dennis Edward Fraser was appointed as Co-Personal Representative of the Estate of Joyce V. Fraser (his mother) along with his sister Cherlynn T. Bennett (deceased). These appointments were made by the Livingston County Probate Register and the Personal Representatives were not required to post bond. The valid will of Joyce V. Fraser was then admitted to Probate as is indicated in the

Dana Lynn Koester. For reasons yet to be determined this Sworn Statement to Close Unsupervised Administration was not filed with the Livingston County Probate Register until Oct 31, 2006, more than eight months after the document was signed by the Personal Representatives and notarized by Notary Dana Lynn Koester.

9. On May 21, 2006 Co-Personal Representative Cherlynn T. Bennett died in a motorcycle accident in the State of Ohio. Upon her death, Plaintiff Dennis Edward Fraser, was the only remaining Co-Personal Representative and the only remaining heir to the Estate of Joyce V. Fraser.

10. After the death of Cherlynn T. Bennett, Dennis Edward Fraser continued with the administration of the Estate of Joyce V. Fraser.

11. On June 30, 2006, Plaintiff Dennis Edward Fraser, acting as Personal Representative of the Estate of Joyce V. Fraser, sold the home of Joyce V. Fraser to Dana H. Bennett for $106,600.00 with net proceeds after closing costs of $103,523.74. The sale of the home to Dana H. Bennett had been pre-arranged by deceased Co-Personal Representative Cherlynn T. Bennett prior to her death. The home, located at 6441 Beech Daly Road, Dearborn Heights, Michigan 48127 was the only asset listed on the inventory sheet at the time that the probate application was submitted to the Livingston County Probate Register.

12. Dana H. Bennett is the son of Cherlynn T. Bennett and the nephew of Dennis Edward Fraser.

13. After receiving the proceeds from the sale of the home, Dennis Edward Fraser paid expenses to Dana H. Bennett associated with repairs to the home.

14. Dennis Edward Fraser then distributed the remaining assets as agreed to by both Dennis Edward Fraser and Cherlynn T. Bennett prior to her death. It should be noted at this point that Cherlynn T. Bennett had rented the home of the decedent Joyce V. Fraser to several different tenants from December 1999 through the time of her death on May 21, 2006. Cherlynn T. Bennett failed to account for the collected rent and fraudulently diverted the collected rent money to herself for a period exceeding six years. This diversion of collected rent was an act of fraud since Cherlynn T. Bennett held Durable Power of Attorney for Joyce V. Fraser and was forbidden by the Durable Power of Attorney from diverting assets to herself, her estate or her creditors.

15. On November 30, 2006 The Estate of Joyce V. Fraser was closed by the Livingston County Probate Register. The Probate process had been completed as a Testate Estate by the Probate Register, Kathleen Jo Rosenberg. This fact is clearly indicated by the Register of Actions Document that is filed with the Livingston County Probate Court.

16. In April, 2007 Defendant Shana Adkins, as an interested person, petitioned the Livingston County Probate Court to re-open the Estate of Joyce V. Fraser.

17. The Livingston County Probate Court granted the re-opening of the Estate and appointed Attorney Richard Trost Successor Personal Representative.

18. On October 16, 2007 a motion hearing was held in the Livingston County Probate Court. During the hearing, arguments were made concerning the will

of Joyce V. Fraser. After the court heard the arguments Judge Carol Hackett Garagiola stated :

> "We have a question of fact which is what was her intent. Her---the
> language in her will may or may not be  used to indicate what
> her intent is. That has not been sufficiently argued I believe by
> either side whether or not the un-probated will. Nobody has
> provided law with regard to guidance on that question. Whether
> the will that's not been admitted to probate can even looked to for
> assistance in determining intent. But the bottom line is the intent
> of the decedent is at issue. And on a motion for summary
> disposition if there's any question of fact it should be denied.
> And I believe we do have a question of fact. I'm Going to deny the
> motion for summary disposition."

19. After several months of litigation involving questions regarding the collected rent that Cherlynn T Bennett diverted to herself, the Livingston County Probate Court ordered on October 23, 2007 that former Personal Representative Dennis Edward Fraser was to return $30,663.48 to the Estate of Joyce V. Fraser within thirty days and to pay attorneys fees of $5,000 to the law firm of Parker and Parker of Howell, Michigan. Additionally, the Probate Court ordered that the Estate was to continue as an unsupervised informal proceeding and appointed Shana Adkins Second Successor Personal Representative.

20. In briefs filed with the Probate Court Defendant Shana Adkins stated under penalty of perjury that the home of Joyce V Fraser had never been rented, even though her mother Cherlynn T. Bennett had rented the home to several individuals over a period of six years.

21. On December 4, 2007 Dennis Edward Fraser was ordered to Show cause as to why he had not returned Estate assets and pay Attorneys fees. Plaintiff was ordered to appear on January 15 2008.

22. On January 15 2008 a show cause hearing was held in Livingston County Probate Court. On January 15, 2008 the wife of Plaintiff, was admitted to Brooksville Florida Regional Hospital and Plaintiff was unable to attend the hearing.

23. On February 12, 2008 a Bench Warrant was issued at the request of Defendant Tara Black for the arrest of Dennis Edward Fraser for failure to appear. The bond on the bench warrant was set at $35,663.48.

24. On February 22, 2008 a request for Writ of Garnishment (non-periodic) on Plaintiff, was filed by Defendant Shana Adkins and the Writ was granted by the Livingston County Probate Court on February 29 2008.

25. On March 10, 2008 Suntrust Bank (the Garnishee) was served with the Writ of Garnishment. The service was signed by Defendant Tara Black.

26. On March 12, 2008 Suntrust Bank (the garnishee) confiscated the assets of Plaintiff that were in their possession and placed a hold on his financial accounts. This Garnishment was a clear violation of Michigan Statute 600.411 (1) (a).

27. On March 15, 2008 Defendant, Tara Black then filed a criminal complaint against Plaintiff with the Livingston County Sheriff. In the complaint Defendant Tara Black made false statements to Livingston County Sheriff Deputy Alan Steinaway as indicated in the complaint memo. Defendant Tara Black stated "The only asset of the estate of Joyce Velma Fraser was her home located at 6441 Beech Daly Rd. Dearborn Heights Michigan. The home had been vacant for several years from the time Joyce Velma Fraser moved to a nursing home in Livingston County, through the time that she died."

28. On March 31, 2008 Plaintiff filed an objection to the Writ of Garnishment dated February 29, 2008.

29. On April 15, 2008 the Writ of Garnishment was quashed. Further Defendant Tara Black deliberately ignored the probate Court order of April 15, 2008 to domesticate to the State of Florida the order issued by the Probate Court on October 23, 2007. The Court then scheduled a show cause hearing for May 6, 2008.

30. On May 6, 2008 a hearing was held in Livingston County Probate Court regarding the failure to appear bench warrant previously issued on February 12, 2008. At the hearing Defendant, Tara Black attempted to convince the court to find Plaintiff, Dennis Edward Fraser, guilty of contempt of court, jailed for 93 days and fined $7,500.00. Since Plaintiff, Dennis Edward Fraser was not present at the hearing; the Court could not or would not find him guilty of contempt (in absentia) without trial. The Court issued a second bench warrant at the request of Defendant, Tara Black with bond set at $41,000.00.

8

Defendant, Tara Black, intentionally and maliciously attempted to prosecute and convict Plaintiff, Dennis Edward Fraser of civil contempt of court without him being present and without trial. Defendant Tara Black stated to the court that she would get "this matter wrapped up by other means."

31. On May 7, 2008 Plaintiff, Dennis Edward Fraser was arrested at his home in the State of Florida, by the Citrus County Sheriff on a charge of embezzlement. Michigan Statute MCL 700.176 was cited as the grounds for arrest. Plaintiff was then handcuffed and transported to the Citrus County Detention Center where he was finger printed, photographed (mug-shot), booked and jailed without bond for a period of eight days as a "Fugitive from Justice."

32. On May 14, 2008 after signing a waiver of extradition Plaintiff was released from the Citrus County Detention Center without posting bond of any kind.

33. On May 23, 2008 Plaintiff appeared voluntarily with attorney Carl McPherson before Livingston County Magistrate Brian Brown and was arraigned on the charges of embezzlement by an Administrator, Executor or Guardian (MCL 700.176). He was then released on a personal recognizance bond and allowed to return to Florida and ordered to return to Livingston County District Court on July 2, 2008 to appear before Judge Susanne Geddis for a preliminary hearing. It should also be noted that the personal recognizance bond stated that Plaintiff had been arrested on June 30, 2006. Plaintiff was never arrested in any State of the United States or its possessions on June 30, 2006.

34. On July 2, 2008 while in the Livingston County Court complex awaiting a
hearing on the criminal charges in Livingston County District Court, Plaintiff
was arrested by the Livingston County Sheriff. The arresting officer cited two
outstanding bench warrants for civil contempt. Before being frisked and
placed in handcuffs Plaintiff stated to the arresting officer that he was in the
State of Michigan, Livingston County, to appear before Judge Susanne Geddis
for a hearing on a criminal matter and that he believed that he was exempt
from arrest on civil matters on that day. The arresting officer stated "I don't
care about your criminal problems I'm arresting you for these two outstanding
bench warrants." Plaintiff was then frisked, ordered to relinquish his personal
belongings (wallet, keys) and to turn them over to his attorney or his wife.
This civil arrest violated Michigan Statute MCL 600.1821 arrest exemptions.
After being arrested, Plaintiff was then taken to a holding cell in the court
complex where he was ordered to remove his shoes and belt. He was then
taken before Livingston County Probate Judge, Carol Hackett Garagiola (in
handcuffs) and arraigned on civil contempt of court charges and informed of
the penalties if found guilty. He was then ordered to either post a $41,000 cash
bond or be jailed until trial. A trial for contempt of court was scheduled for
July 17, 2008. Plaintiff was then returned to the holding cell in the court
complex. Later in the day Plaintiff was taken before Judge Susanne Geddis (in
handcuffs) for a preliminary hearing on the criminal charges. After the hearing
he was then transported to the Livingston County Jail where he was
fingerprinted, photographed (mug-shot), booked on the civil contempt charges

and ordered to remove his street clothes and change in to jail issued clothing and placed in a jail cell. After several hours of harassment of Judy G. Fraser (Plaintiffs wife) by numerous Livingston County Court employees and Livingston County Sheriff employees, Plaintiff was allowed to post a cash bond of $41,000.00 to gain his release and return to Florida. On July 17, 2008 a hearing was held in Livingston County Probate Court. At the hearing Plaintiff, Dennis Edward Fraser agreed to release the $41,000 cash bond to Parker and Parker law firm as settlement for the judgment ordered on October 23, 2007. All contempt charges were dismissed in return for the release of the cash bond.

35. On August 11, 2008 Plaintiff, appeared with Attorney Carl McPherson in Livingston County Circuit Court for a pre-trial hearing regarding the criminal charges of embezzlement. The Livingston County Prosecuting Attorney failed to appear at the pre- trial hearing and Plaintiff, returned to Florida to await trial on the criminal embezzlement charges. A trial was then scheduled for September 29, 2008. A request for an adjournment was later granted and the trial was re-scheduled for November 3, 2008.

36. On October 15, 2008 a motion hearing was heard in the Livingston County Probate Court regarding the closing of the estate of Joyce V. Fraser.

37. On October 30, 2008 criminal charges of embezzlement against Plaintiff were dismissed Nolle Prosequi by the Livingston County Prosecutor.

**Wherefore**   Plaintiff demands judgment against each of said Defendants jointly and severally for actual, special and compensatory damages of ($300,000); and further demands judgment against each of said Defendants jointly and severally for punitive damages of ($300,000); and any other such relief deemed just and equitable.

**Count I -Malicious Prosecution**
**As to Plaintiff Dennis Edward Fraser**
**As to Defendants Livingston County Michigan, Shana Adkins and Tara Black**

38. Plaintiff repeats and re-alleges each and every statement in the foregoing paragraphs.

39. That Tara Black, Shana Adkins and Livingston County Michigan initiated an unlawful criminal prosecution against the Plaintiff which caused him to be falsely imprisoned for eight days in the Citrus County Florida Detention Center as a Fugitive from Justice.

40. Further, that Tara Black, Shana Adkins and Livingston County Michigan lacked probable cause to initiate or maintain prosecution against Plaintiff.

41. Further that Tara Black, Shana Adkins and Livingston County Michigan continued with said prosecution with malice, prejudice, reprisal, revenge and without probable cause.

42. Further that Defendant Tara Black and Shana Adkins undertook said prosecution with intent to do damage to the personal and business reputation of Plaintiff and to deliberately inflict emotional distress on Plaintiff.

43. Further that Tara Black made false statements to the Livingston County Sheriff in the police report with regard to the rental and occupancy of the home of Joyce V. Fraser.

44. Defendants Tara Black, Shana Adkins and Livingston County Michigan through the abuse of process willfully, intentionally and with malice caused the false imprisonment of Plaintiff for a period of eight days. These false charges of embezzlement by an Administrator, Executor or Guardian (MCL 750.176) were maliciously filed against Plaintiff by Defendant Tara Black and by Livingston County. Plaintiff will prove during trial on these actions that Defendant Tara Black made false statements in the police report with respect to the rental and occupancy of the home of Joyce V. Fraser.

45. Further, Defendants Tara Black, Shana Adkins and Livingston County Michigan through abuse of process did willfully and intentionally file false criminal charges against Plaintiff, Dennis Edward Fraser, for the sole purpose of forcing him to appear in the State of Michigan so that they could facilitate and procure his arrest on the two previously issued bench warrants that had been requested from the Livingston County Probate Court.

46. Further, Defendant Tara Black knew or should have known that Plaintiff, Dennis Edward Fraser was appointed as a Co-Personal Representative of the Estate of Joyce V. Fraser by the Livingston County Probate Register. Defendant Tara Black knew or should have known that Plaintiff, Dennis Edward Fraser had not been appointed by a Judge of Probate. Plaintiff, Dennis Edward Fraser will prove during trial on these actions that the criminal

complaint filed by Defendant Tara Black, Shana Adkins and Livingston County Michigan was false, intentionally misrepresented, malicious, lacked probable cause and was an abuse of process and a violation of legal ethics.

47. Further, the Livingston County Sheriff Department demonstrated incompetence, malice and negligence and failed to conduct a proper investigation of the facts prior to bringing criminal charges against Plaintiff. This malicious prosecution perpetrated by Defendants Tara Black, Shana Adkins and Livingston County Michigan has caused great financial damage to Plaintiff as well as false imprisonment, extreme emotional distress, anxiety, humiliation, defamation, mental anguish, permanent loss of future business income, and damage to both personal and business reputation.

48. Further, Defendants Tara Black and Livingston County Michigan accused Plaintiff of "Fleeing from Justice" or fleeing the State of Michigan after being arrested on June 30, 2006. Plaintiff will prove during trial on these actions that he was never arrested on June 30, 2006 and that he did not flee from justice nor did he flee from the State of Michigan at any time or for any reason.

49. Further that Tara Black, Shana Adkins and the Livingston County Sheriff abused the criminal investigation process by using it for ulterior motives and on purpose to cause vexation, trouble, mental anguish, humiliation, defamation, financial damage and to destroy Plaintiffs personal and business reputation.

50. Further that Tara Black, Shana Adkins and Livingston County Michigan knew or should have known that the criminal charges filed against the Plaintiff were

false and knew or should have known that Plaintiff had not been appointed as Co-Personal Representative of the Estate of Joyce V. Fraser by a Judge of Probate.

51. Further that Livingston County Michigan, Tara Black and Shana Adkins continued prosecutorial actions against Plaintiff without probable cause even though each Defendant was aware that the criminal charges were false.

52. Further, that Defendant Tara Black acting as an attorney did willfully and intentionally violate legal ethics in bringing criminal charges against Plaintiff.

53. Further, Plaintiff continues to suffer from emotional distress, mental anguish, sleeplessness and extreme anxiety for which he is currently being treated by a physician.

54. Wherefore Plaintiff demands judgment against each of said Defendants jointly and severally for actual, special and compensatory damages of ($300,000) and further demands judgment of each of said Defendants jointly and severally for punitive damages of ($300,000); and any other such relief deemed just and equitable.

### Count II – Unlawful Arrest for Civil Contempt
### As to Plaintiff Dennis Edward Fraser
### As to Defendants Livingston County Michigan, Tara Black and Shana Adkins

55. Plaintiff repeats and re-alleges each and every statement in the foregoing paragraphs.

56. That on July 2, 2008 Plaintiff was unlawfully arrested on civil contempt charges by the Livingston County Sheriff while attending court on a criminal

matter in the Livingston County Court Complex. This unlawful arrest violated Michigan Statute MCL 600.1821 (4) arrest exemptions.

57. Further, that the arresting officer knew or should have known that Plaintiff was present in Livingston County Michigan for the purposes of addressing the criminal charges that had been filed against him by Defendants Tara Black, Shana Adkins and Livingston County Michigan.

58. Further, that Livingston County Michigan was negligent in the proper training of its police officers and that the arresting officer acting in an official capacity representing Livingston County Michigan should have known that the arrest was in violation of Michigan Statute MCL 600.1821 (4).

59. Further, that on July 2, 2008 Defendants Tara Black and Shana Adkins conspired with the arresting officer to facilitate and procure the unlawful arrest of Plaintiff for purposes of vexation, avarice, humiliation and malice and to intentionally inflict emotional distress and mental anguish. Plaintiff will prove during trial on these actions that this false arrest and imprisonment was maliciously perpetrated and procured by Defendant's Tara Black and Shana Adkins who conspired with the arresting Livingston County Sheriff's Deputy to facilitate and procure the unlawful arrest. Further, Defendant, Tara Black and the Livingston County Sheriff new or should have known that this arrest was a violation of Michigan Statute MCL 600.1821 (4).

60. Further that this unlawful arrest was evidence of the on going malicious prosecution of Plaintiff by Defendants Tara Black, Shana Adkins and

Livingston County Michigan. That Defendants Tara Black and Shana Adkins procured and caused the arrest of Plaintiff for improper purposes.

61. Further that the Livingston County Probate Court and the Livingston County District Court were negligent in their failure to immediately void the arrest as is stated in MCL 600.1821, (8) and that such failure to void the arrest caused severe financial damage, humiliation, severe emotional distress and false imprisonment of Plaintiff and physical injury and emotional distress to Plaintiffs' wife.

62. Wherefore Plaintiff demands judgment against each of said Defendants jointly and severally for actual, special and compensatory damages of ($300,000); and further demands judgment against each of said Defendants jointly and severally for punitive damages of ($300,000); and any other such relief deemed just and equitable.

### Count III – Unlawful Garnishment and Abuse of Process
### As to Plaintiff Dennis Edward Fraser,
### As to Defendants Livingston County Michigan, Tara Black and Shana Adkins.

63. Plaintiff repeats and re-alleges each and every statement in the foregoing paragraphs.

64. That on February 22, 2008 Defendant Shana Adkins acting as the court appointed Second Successor Personal Representative of the Estate of Joyce V. Fraser requested a Writ of Garnishment (non-periodic) from the Livingston County Probate Court.

65. That on February 29, 2008 said request for Writ of Garnishment was granted by the Livingston County Probate Court in violation of Michigan Statute MCL 600.411 (1) (a).

66. That on March 10, 2008 Defendant Tara Black served said Writ of Garnishment on Suntrust Bank.

67. That on March 11, 2008 Suntrust Bank acting as garnishee acted on the Writ of Garnishment and placed a hold on all assets in Plaintiffs accounts.

68. That on March 18, 2008 Plaintiff filed an objection to said Writ of Garnishment.

69. On April 15, 2008 said Writ of Garnishment was quashed by the Livingston County Probate Court. The Probate Court stated that the garnishment violated MCL 600.411 (1) (a). During the hearing on the objection Defendant Tara Black stated to the court that she  was not aware of the statute and that she had contacted Suntrust Bank prior to serving the writ. Defendant Tara Black is an attorney licensed to practice law in the State of Michigan and knew or should have known that the garnishment of Plaintiffs bank account was a violation of Michigan law.

70. Further that the unlawful garnishment actions carried out by Defendants Livingston County Michigan, Tara Black and Shana Adkins caused financial harm to Plaintiff as well as emotional distress, mental anguish, and caused irreparable damage to Plaintiffs business and to Plaintiffs credit rating.

71. Further Defendant Shana Adkins through abuse of process and for purposes of avarice, vexation, trouble, humiliation and revenge did initiate an unlawful garnishment process which violated Michigan Statute MCL 600.411 (1) (a).

72. Further that Defendant Livingston County Michigan was negligent in its duty to properly investigate Michigan statutes governing garnishment, before granting the Request for Writ of Garnishment.

73. Wherefore Plaintiff demands judgment against each of said Defendants jointly and severally for actual, special and compensatory damages of ($300,000); and further demands judgment against each of said Defendants jointly and severally for punitive damages of ($300,000); and any other relief deemed just and equitable.

## **Prayer for Relief**

**WHEREFORE**; Plaintiff respectfully requests that this Honorable Court grant the following.

A. That judgment be entered for the Plaintiff and against all named Defendants jointly and severally.

B. Award Plaintiff Actual, Special, Compensatory and Punitive damages of $600,000.

C. Grant to Plaintiff such other further relief that may be just and equitable under the circumstances.

D. That Plaintiffs arrest records regarding these matters be expunged completely including the destruction of all fingerprint records and photographic media.

### Jury Trial Demand

Plaintiff demands a jury trial, pursuant the 7th amendment of the Constitution of the

United States of America as to all claims for damages.


Date _Dec 18, 2009_

Submitted Respectfully

/s/ _Dennis E. Fraser_

Dennis Edward Fraser
21 Poppy Street
Homosassa, Florida 34446
Phone 352-382-7750
Dfraser3@tampabay.rr.com

**JS 44** (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Fraser, Dennis, E.    Pro Se

**DEFENDANTS**

Livingston County Michigan, Livingston County Sheriff, Black, Tara
Adkins, Shana

**(b)** County of Residence of First Listed Plaintiff   Citrus, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1332
Brief description of cause:
Malicious Prosecution, Unlawful Arrest, Unlawful Garnishment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** 600,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____