UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS EDWARD FRASER,

     Plaintiff,

v.                                                        Case Number: 09-14906
                                                        Honorable Denise Page Hood

LIVINGSTON COUNTY,
COUNTY SHERIFF ROBERT BEZOTTE,
TARA BLACK,
     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration **[Docket No. 24, filed April 4, 2011]**. This Court issued an Order Granting Defendants' Motion to Dismiss and Granting Defendants' Motion for Summary Judgment on March 25, 2011 **[Docket No. 41]**.

**II.    ANALYSIS**

Pursuant to E.D. Mich. L.R. 7.1(g)(3) "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." A motion for reconsideration is only proper if the movant shows that the court and the parties were misled by a "palpable defect." E.D. Mich. L.R. 7.1(g)(3). A "palpable defect" is a "defect which is obvious, clear, unmistakable, manifest, or plain." *Olson v. The Home Depot*, 321 F.Supp.2d 872, 874 (E.D. Mich. 2004). The movant must also demonstrate that the disposition of the case would be different if the palpable defect were cured. E. D. Mich. L.R. 7.1(g)(3).

Plaintiffs argue that the Court failed to address several issues that Plaintiff raised in his response to Defendants' Motion for Summary Judgment.  Plaintiff contends that the Court relied on Exhibit A-A, which does not exist and that there is a genuine issue of material fact as to whether Joyce V. Fraser died intestate. The Court relied on Exhibit A-A, which is in fact Exhibit A that is attached to the Defendants' Answer [Docket No. 11, filed February 4, 2010]. Plaintiff next argues that his July 2, 2008 arrest was unlawful. In addition, Plaintiff reasons that the Livingston County prosecutor maliciously prosecuted and did not have a valid warrant to have him extradited back to Livingston County Jail. He also argues that Defendant Tara Black maliciously prosecuted him. Plaintiff further contends that the Writ of Garnishment was unlawful.

Plaintiff has failed to meet the standard for reconsideration. He has not presented any new issues that this Court has not already considered or a palpable defect that misled the Court or the parties. Plaintiff is simply rehashing issues that the Court has already considered and ruled on. Accordingly, Plaintiff cannot demonstrate that there is any defect that, if cured, would change the Court's disposition.  Pursuant to Local Rule 7.1(g)(3), Plaintiff's motion for reconsideration must be DENIED.

### III.   CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Plaintiff's Motion for Reconsideration **[Docket No. 44, filed April 6, 2011]** is **DENIED.**

Dated:  November 30, 2011              s/Denise Page Hood
                                       DENISE PAGE HOOD
                                       UNITED STATES DISTRICT JUDGE

2

**09-14906  Fraser v. Livingston County, et al**
**Order Denying Plaintiff's Motion for Reconsideration**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was mailed to Dennis Edward Fraser, 21 Poppy Street, Homosassa, FL 34446 and the attorneys of record on this date, Wednesday, November 30, 2011, by electronic and/or ordinary mail.

                                                s/LaShawn Saulsbery
                                                Case Manager, (313) 234-5165