UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS EDWARD FRASER,

    Plaintiff,

v.                                                             Case Number: 09-14906
                                                              Honorable Denise Page Hood

LIVINGSTON COUNTY,
COUNTY SHERIFF ROBERT BEZOTTE,
TARA BLACK,
            Defendants.

_____/

## ORDER DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES

**I.   INTRODUCTION**

This matter is before the Court on Defendants Shana Adkins and Tara Black's Motion for Attorney Fees **[Docket No. 45, filed April 8, 2011]**. The Court granted Defendants' Motion to Dismiss and Defendants' Motion for Summary Judgment on March 25, 2011 **[Docket No. 41]**.

**II.   ANALYSIS**

Defendants bring this action pursuant to Federal Rule of Civil Procedure 11 and Michigan Compiled Laws § 600.2591. Defendants filed essentially the same motion in the companion case *Fraser v. Law Offices of Parker and Parker,* Case No. 11-10585. In diversity cases, such as the instant action, the issue of attorney fees is governed by state law. *Hometown Folks LLC v. S&B Wilson, Inc.*, 643 F.3d 520, 533 (6th Cir. 2011). Section 600.2591 allows the Court to award attorney fees to the prevailing party if the Court "finds that a civil action or defense to a civil action is frivolous…" A civil action or defense is frivolous when 1) the action was meant to harass, embarrass, or injure the prevailing party; 2) the party had no reasonable

basis to believe the underlying facts were true; or 3) the claim had no legal merit. MICH. COMP. LAWS § 600.2591(a).

Defendants argue that they are entitled to fees because Plaintiff was aware that his claims arose from the estate proceedings in Livingston County Probate Court and that he failed to comply with that court's orders. Plaintiff's decision to bring this action based on the prior estate proceedings, although unsuccessful, was not completely devoid of legal merit. "Not every error in legal analysis constitutes a frivolous position. Moreover, merely because this Court concludes that a legal position asserted by a party should be rejected does not mean that the party was acting frivolously in advocating its position." *Kitchen v. Kitchen*, 641 N.W.2d 245, 251 (Mich. 2002). Defendants' Motion for Attorney Fees is DENIED.

### III.   CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Attorney Fees **[Docket No. 45, filed April 8, 2011]** is **DENIED.**

                S/Denise Page Hood
                United States District Judge

Dated:  December 8, 2011

I hereby certify that a copy of the foregoing document was served upon Dennis E. Fraser, 21 Poppy Street, Homosassa, FL 34446 and counsel of record on December 8, 2011 , by electronic and/or ordinary mail.

                S/LaShawn R. Saulsberry
                Case Manager